
FILED
2017 Oct-04  AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JEFFERSON DIVISION

| | | |
|---|---|---|
| DANIEL GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: |
| | ) | |
| CT HAULING AND MATERIALS, | ) | |
| LLC and CLIFFORD TRUMBLY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

## C O M P L A I N T

COMES NOW, the Plaintiff, DANIEL GREEN (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues CT HAULING AND MATERIALS LLC and CLIFFORD TRUMBLY (hereinafter referred to collectively as "Defendants") and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid overtime under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4.    Defendant, CT HAULING AND MATERIALS LLC, is a Alabama Limited Liability Company duly licensed and organized under the laws of the State of Alabama and is engaged in the business of, but not limited to, providing landscape supply, excavating, and equipment hauling services.

5.    Upon information and belief, Defendant, CLIFFORD TRUMBLY, is the owner, operator, CEO, director, officer, and/or is otherwise a management employee of CT HAULING AND MATERIALS LLC.

6.    Defendants, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

7.    The Plaintiff is, at all times material, an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

8.     Plaintiff, DANIEL GREEN, is a resident of the State of Alabama and worked for the Defendants, in Calera, Alabama, during the three (3) years before the date on which this Complaint was filed.

9.     Plaintiff, DANIEL GREEN, worked for the Defendants performing work as a, but not limited to, maintenance worker.

## FACTUAL ALLEGATIONS

10.    The Defendant, CT HAULING AND MATERIALS LLC (hereinafter "CT HAULING") is an employer and enterprise engaged in interstate commerce and is subject to FLSA.

11.    The Defendant, CLIFFORD TRUMBLY, is an employer and enterprise engaged in interstate commerce.

12.    Based on information and belief, the Defendants operated as a business and provided services to clients/customers located in Jefferson County, Alabama and Shelby County, Alabama or in the State of Alabama. All of the Defendants' work was intrastate or local.

13.    The Defendants' operations, practices, policies and procedures including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

14.     Upon information and belief, the Defendant, CT HAULING, principal place of business is 624 Enclave Lane, Calera, Alabama 35040.

15.     Upon information and belief, the Defendant, CLIFFORD TRUMBLY, principal place of business is 624 Enclave Lane, Calera, Alabama 35040.

16.     The Defendants, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Alabama, and by transacting business across state lines, all of which are part of interstate commerce.

17.     Furthermore, the Defendants obtained, exchanged, and would send/receive funds to and from outside of the State of Alabama, use telephonic transmissions going outside of the State of Alabama to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Alabama.

18.   The Defendant, CT HAULING, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to FLSA.

19.   The Defendant, CLIFFORD TRUMBLY, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to FLSA.

20.   Alternatively, if either Defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of both Defendants combined is at least five hundred thousand dollars ($500,000.00).

21.   The Defendants control the day to day operations of CT HAULING and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, purchasing products and supplies, setting pricing for services, and other business operations.

22.   The Defendants supervises the operations of CT HAULING, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

23.   The Defendants hired the Plaintiff, DANIEL GREEN, in or about July 2014. The Plaintiff worked for the Defendants through approximately June 2017.

24.     At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

25.     The Plaintiff was a "non-exempt" employee of the Defendants.

26.     The Plaintiff was not a salaried employee.

27.     The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for those hours worked over forty (40) in a work week.

28.     The Defendants are directly involved with paying the Plaintiff.

29.     The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

30.   The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

31.   At all times material herein, the Defendants had knowledge that it was not paying the Plaintiff the appropriate wages and did so intentionally, and in conscious disregard, to paying Plaintiff for all hours worked.

32.   Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

### COUNT I – FAILURE TO PAY OVERTIME UNDER THE FLSA

43.   Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

44.   The Defendants hired Plaintiff in or about July 2014 to work for them at/from their office located in this District.

45.   During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, a maintenance worker or performed activities in Defendant's shop.

46.   During the majority of his employment with the Defendants, the Plaintiff regularly worked over forty (40) hours in a work week for the Defendants.

47.   Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

48.   The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

49.   As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty (40) in a work-week.

50.   The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

51.   As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours he worked in excess of 40 hours for each week he

was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

52.   Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

53.   Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

54.   The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

55.   The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

56.   Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

57.   As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at

trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A.      Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B.      Enter a declaration that the Plaintiff's employment as an maintenance worker is not exempt from receiving overtime compensation under the FLSA;

C.      Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

D.      Award Plaintiff an equal amount in liquidated damages;

E.      Award Plaintiff reasonable attorney's fees and costs of suit;

F.      Grant such other and further relief as this Court deems equitable and just; and

G.      Plaintiff demands a trial by jury.

<u>**JURY TRIAL IS DEMANDED**</u>

DATED this 3rd day of October, 2017.

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
Ala. Bar No. ASB-1579-L64J
MICHAEL T. STALLINGS, ESQ.
Ala. Bar No. ASB-0816-A16W
Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL  32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*